BARRY S. ARBUTHNOT, Appellant, *v.* WILLIAM L. ALLBRIGHT, an Infant, by NORMAN ALLBRIGHT, His Father, et al., Respondents.

Third Department, December 15, 1970.

316

*LaVigne & Nicandri* (*Francis C. LaVigne* of counsel), for appellant.

*Crapser & Kirsch* (*Vincent F. Kirsch* of counsel), for respondents.

HERLIHY, P. J. The action is to recover for injuries sustained by an Ontario guest as the result of the negligence of an Ontario host in the operation of an automobile garaged, licensed and insured in Ontario during a trip which began and was to end in Ontario. The only New York relationship to the accident was that it happened in this State.

The issue is whether the law of New York or the law of Ontario applies to the action now pending in this State, the defendants having interposed affirmative defenses setting forth the Ontario guest statute and the common law of Ontario as it applies to the guest-host relationship. Special Term denied a motion to dismiss these defenses.

This court in *Kell* v. *Henderson* (26 A D 2d 595) had the identical issue before it by way of a procedural question as to whether or not a defendant belatedly, and in view of pretrial procedures, should be allowed to amend the answer by asserting the affirmative defense of the Ontario guest statute and while there was some reference to the prevailing law of the State, the majority of the court decided the issue on the procedural question. We have no such question in the present case as the affirmative defense was interposed at the time of the serving of the answer.

In *Tooker* v. *Lopez* (24 N Y 2d 569, 585) Chief Judge FULD in a concurring opinion suggested certain principles for actions such as this. He stated: " When the guest-passenger and the host-driver are domiciled in the same state, and the car is there registered, the law of that state should control and determine the standard of care which the host owes to his guest. * * *

" Guidelines of the sort suggested will not always be easy of application, nor will they furnish guidance to litigants and lower courts in all cases. They are proffered as a beginning, not as an

end, to the problems of sound and fair adjudication in the troubled world of the automobile guest statute.''

Aside from the pleadings there is a bill of particulars which shows that the items of special damages were incurred for services in the Province of Ontario and based upon the present record, the plaintiff, aside from the fact that the accident happened in New York State, has failed to establish that he is entitled to the benefits of New York law.

The order should be affirmed.

REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Order affirmed, without costs.